UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KAYCE NIMMO, § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| § | | |
| vs. § | | CIVIL ACTION 5:20-cv-1350 |
| § | | |
| HEAVY EQUIPMENT MOVERS & § | | |
| INSTALLATION, LLC DBA HEMI § | | [removed from the 454th Judicial |
| SYSTEMS, § | | District Court of Medina County, Texas] |
| § | | |
| Defendant § | | |

**DEFENDANT HEAVY EQUIPMENT MOVERS & INSTALLATION, LLC'S
NOTICE OF REMOVAL**

Defendant Heavy Equipment Movers & Installation, LLC ("HEMI") files this Notice of Removal, pursuant to 28 U.S.C. §§1332, 1441 and 1446, to remove an action filed against it in the 454th Judicial District Court of Medina County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. In support of this removal, HEMI respectfully shows this Court the following:

**Brief Factual and Procedural Background**

1. This case arises from Plaintiff's discharge from Defendant's employment on or about June 29, 2019. Plaintiff alleges that she was retaliated against for filing a workman's compensation claim on or about June 10, 2019. *See* Ex. A. (Pl.'s Orig. Pet.).

2. Plaintiff filed this lawsuit October 8, 2020, and it has been assigned No. 20-10-26717-CV in the state court. The suit alleges violation of Section 451.001 of the Texas Labor Code (¶15-16). Defendant HEMI was served October 20, 2020 via its registered agent. There are no co-defendants

1

### Timeliness of Removal

3. Plaintiff filed suit October 8, 2020, and HEMI was served on October 20, 2020. Pursuant to 28 U.S.C. §1446(b)(1), HEMI timely files this Notice of Removal within thirty (30) days after service and receipt of Plaintiff's Complaint.

### Grounds for Removal

4. Removal is proper because diversity subject-matter jurisdiction exists under 28 U.S.C. §1332(a)(I). Complete diversity of citizenship between all properly joined parties existed at the time the underlying action was filed in state court (October 8, 2020) and at the time of this removal (November 20, 2020). See 28 U.S.C. § 1441(b)(2).

5. Diversity of citizenship exists. The citizenship of a limited liability company is determined by the citizenship of its members, and complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship. 28 U.S.C. §1332(a); *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Upon information and belief, Plaintiff is a citizen of Texas. Defendant HEMI is a resident of Georgia. There is complete diversity between the parties.

6. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's petition seeks an amount in excess of $100,000 but less than $200,000 (Ex. A, ¶ 8). The pled amount in controversy is in excess of $75,000, exclusive of interest and costs, thereby satisfying 28 U.S.C. §1332(a).

### Consent

7. There is no codefendant in the case so no consent is necessary.

### Venue

8.      Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed state court action has been pending. Specifically, the 454th Judicial District Court of Medina County, Texas, is geographically located within the San Antonio Division of the United States District Court for the Western District of Texas.

**Compliance with Procedural Requirements**

9.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders in the state court suit are attached to this Notice as Exhibit A, including the Petition, Citation, and Affidavit of Service

10.     HEMI will promptly file a notice of this removal with the clerk of the state court where the suit has been pending.

11.     HEMI will file a Disclosure Statement, pursuant to Federal Rule of Civil Procedure 7.1.

12.      In the event this Court subsequently identifies a defect in this Notice of Removal, HEMI respectfully requests this Court grant it leave to amend this Notice to cure the defect.  By filing this Notice of Removal, HEMI does not waive any legal defenses or objections to Plaintiff's Petition, but expressly reserves its right to raise any and all legal defenses or objections in subsequent pleadings in this Court.

13.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required under 28 U.S.C. §1446(a).

In conclusion, HEMI represents that it has complied with the removal statutes set forth above, and this case stands removed from 454th Judicial District Court of Medina County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

Dated: November 20, 2020                    Respectfully submitted,

_____
Carl ' Bo' Dawson
SBN 05599100
Southern District Number 16860
Ryan & Dawson
770 South Post Oak Ln., Ste. 600
Houston, Texas 77056
Tel: (713) 960-1555
Fax: (713) 960-8491
email: cdawson@rdlaw.com

ATTORNEYS FOR DEFENDANT
HEAVY EQUIPMENT MOVERS &
INSTALLATION, LLC

## CERTIFICATE OF SERVICE

I , Carl Dawson, do hereby certify that service of was served upon all other parties by sending said documents via ECF and by Texas E-Serve on November 20, 2020 to:

Javier Espinoza
Texas Bar No. 24036534
javier@espinozafirm.com
Steven Sachs
Texas Bar No. 24074995
steven@espinozafirm.com
Espinoza Law Firm, PLLC
10202 Heritage Blvd.
San Antonio, Texas 78216

_____
Carl R. Dawson